UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **CLYDE R. HARRIMAN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) No. 1:23-cv-00066-NT |
| | ) |
| **SERGEANT McCUE et al.,** | ) |
| | ) |
| **Defendants** | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Clyde R. Harriman sues two Penobscot County Sheriff's Department employees, Sergeant McCue and Sheriff Troy Morton, pursuant to 42 U.S.C. § 1983 for false arrest, malicious prosecution, false imprisonment, and racial profiling "resulting from" the Defendants' infringement upon his "fundamental right . . . to travel." Complaint (ECF No. 1) at Page ID # 1. He also brings claims against Sheriff Morton for violations of 18 U.S.C. §§ 241 and 242 and 5 U.S.C. § 7311. *See id.* ¶ 10. Having granted Harriman's application to proceed *in forma pauperis*, *see* Order (ECF No. 6), his complaint is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court (1) dismiss Harriman's claimed statutory violations as frivolous and (2) dismiss his claimed constitutional violations unless he amends them to address the deficiencies identified herein (including dropping any claims that he cannot remedy) within the fourteen-day objection period.

## I. Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds

upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

Harriman alleges the following facts. Sergeant McCue and Sheriff Troy Morton are employed by the Penobscot County Sheriff's Department in Bangor, Maine. Complaint ¶ 7. "On the date and time in question, [Sergeant] McCue impeded . . . [Harriman's] fundamental right to travel and prevented [him] from being able to travel freely." *Id*. ¶ 9. "Afterwards, Sheriff Troy Morton refused to cooperate in disciplining and/or arresting the Defendant McCue for engaging in this unlawful activity," in violation of 18 U.S.C. §§ 241 and 242 and 5 U.S.C. § 7311. *Id*. ¶ 10. As a result, Harriman suffered economic and noneconomic damages. *Id*. ¶ 13. Harriman sues "All Public Entity Defendants" pursuant to 42 U.S.C. § 1983 for the "deprivation of [his] federally protected rights to the freedom of movement" (Count I), municipal liability (Count II), and failure to train and supervise (Count III). *Id*. ¶¶ 15-47. He seeks compensatory and punitive damages as well as injunctive relief clearing the matter from his record. *Id*. ¶ 14.

## III. Discussion

### A. Claimed Statutory Violations

Harriman's statutory claims are frivolous: 18 U.S.C. §§ 241 and 242 are "criminal statutes for which there is no private cause of action," and there is "no private cause of action under 5 U.S.C. [§] 7311, which states that individuals who advocate the overthrow of government or who strike against the government may not

hold a position with the government." *Lewis v. Marion Cnty. Sheriff's Dep't*, No. 5:15-cv-275-Oc-28PRL, 2015 WL 9873805, at *2 n.2 (M.D. Fla. Dec. 28, 2015) (rec. dec.), *aff'd*, 2016 WL 234847 (M.D. Fla. Jan. 19, 2016). Hence, I recommend that the Court dismiss Harriman's claims of violation of 18 U.S.C. §§ 241 and 242 and 5 U.S.C. § 7311.

### B. Claimed Constitutional Violations

To the extent that Harriman means to raise claims pursuant to 42 U.S.C. § 1983 of violations of his federal constitutional rights—false arrest, malicious prosecution, false imprisonment, racial profiling, and undue restriction of his right to travel—he omits "the crucial detail of who, what, when, where, and how" required to provide fair notice of the nature of his claims and the grounds upon which they rest. *Byrne*, 2020 WL 1317731, at *5. Harriman does not describe the circumstances of his arrest, Sheriff Morton's alleged failure to discipline Sergeant McCue, or any resulting prosecution or imprisonment. Nor does he set forth any facts from which the Court could infer that he was subjected to racial discrimination. Moreover, to the extent that Harriman purports to bring claims against one or more public entities, he has not sued any such entity. He names as defendants only Sergeant McCue and Sheriff Morton in their individual capacities. *See* Complaint at 1.

A "claim [must] at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." *Dewey v. Univ. of N.H.,* 694 F.2d 1, 3 (1st Cir. 1982). Therefore, "even pro se litigants must do more than make

mere conclusory statements regarding constitutional claims." *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995). Yet, that is all Harriman provides.

Because it is possible that Harriman might be able to state a claim of false arrest, malicious prosecution, false imprisonment, racial discrimination, and/or infringement of his right to travel, I recommend that the Court dismiss these claims unless he amends them to address the deficiencies identified herein (including dropping any claims that he cannot remedy) within the fourteen-day objection period.[1]

## IV. Conclusion

For the foregoing reasons, I recommend that the Court (1) dismiss Harriman's claimed statutory violations as frivolous and (2) dismiss his claimed constitutional violations unless he amends them to state a claim (including dropping any claims that he cannot remedy) within the fourteen-day objection period.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

[1] Even if Harriman can supply sufficient detail to show an interference with his right to travel, it is unclear that he could state a claim of violation of a federal constitutional right. The Supreme Court has explained that the constitutionally protected right to travel "embraces at least three different components," protecting "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). Harriman, who lists an address in Greenbush, Maine, complains of an incident involving employees of the Penobscot County Sheriff's Department in Bangor, Maine, that seemingly has nothing to do with interstate travel or relocation. While the Supreme Court has not ruled out the existence of a federal constitutional right to intrastate travel, insofar as appears from my research, it has not expressly embraced one.

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: April 26, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge